UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KIMBERLY A. SELF,**

    **Plaintiff,**

v.                                                            **CASE NO. 3:09cv422/MCR/EMT**

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**
_____/

## O R D E R

Pursuant to this court's order (doc. 14), the parties have filed memoranda addressing the applicable standard of review and scope of discovery in this case brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. (Docs. 17, 18, 20.) Having reviewed the parties' arguments, the court now orders as follows.

**Background**

This is an action to recover benefits under an ERISA-governed plan pursuant to 29 U.S.C. § 1132(a)(1)(B).[1] Plaintiff Self filed the complaint, asserting that since July 18, 2008, she has been wrongfully denied disability payments under the plan sponsored by her former employer, DRS Technologies, Inc. The defendant, third-party administrator, The Prudential Insurance Company of America ("Prudential"), denied benefits after determining that Self did not satisfy the plan's definition of disability. In her complaint, plaintiff asserts that Prudential administers the plan by determining whether disability benefits should be approved or denied, and also insures the plan by paying claims from its own general

---

[1] This section provides that a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

assets. Self claims that for this reason, Prudential operates under a conflict of interest, which affects the standard of review.

According to the parties' joint report filed pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the principal legal dispute in this case is whether the plan administrator's denial of short and long term disability benefits to Self was arbitrary and capricious. The parties dispute whether discovery is permissible under the arbitrary and capricious standard of review. Plaintiff seeks discovery to disclose evidence regarding the extent to which a conflict may have affected the eligibility determination, including whether any unwritten factors or procedures entered into the benefits determination, whether a reasonable investigation was performed, and whether the methodology employed by an adjuster in reviewing the claim was compatible with the duties of care, skill, prudence and diligence owed in interpreting a plan. Defendant argues that this court's review is limited to evidence which was before Prudential at the time it made the decision to deny benefits, and accordingly, no discovery should be permitted.

**Discussion**

When reviewing a plan administrator's decision in the ERISA context, the district court has significant discretion to allow or disallow discovery requests. Rule 26 provides that "unless otherwise limited by court order," parties to a civil action may conduct discovery regarding any matter that is not privileged and relevant to a claim or defense in the case. Fed. R. Civ. P. 26(b)(1). The standard of review in an ERISA case dictates what facts or evidence must be proven to succeed on a claim for benefits under the terms of the plan, and the standard of review therefore also necessarily shapes the permissible scope of discovery. *See Featherston v. Met. Life Ins. Co.*, 223 F.R.D. 647, 651 (N.D. Fla. 2004). When, as here, the arbitrary and capricious standard of review applies, the Eleventh Circuit has set forth a six-step analysis to guide the court's review of the plan administrator's benefits determination:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

*Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1138 (11th Cir.2004), *abrogation in part recognized by Doyle v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1352, 1359-60 (11th Cir. 2008) (citing *Met. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008)). The Eleventh Circuit has modified the sixth step in response to the Supreme Court's decision in *Glenn,* eliminating the heightened standard of review. *Doyle*, 542 F.3d at 1360. The court now considers a conflict of interest, which arises when the administrator both determines eligibility under the plan and pays the claim from its own general assets, as merely "a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Id.* This requires an individualized inquiry into the conflict of interest in a particular case, because a benefits decision can relate to conflicts in many different ways and the conflicts "will themselves vary in kind and in degree of seriousness." *Glenn* 128 S. Ct. at 2351; *see also Doyle*, 542 F.3d at 1360*; Capone v. Aetna Life Ins. Co.*, 592 F.2d 1189, 1195 (11th Cir. 2010).

In the Eleventh Circuit, under the arbitrary and capricious standard, the reviewing court is ordinarily limited to the record that was before the plan administrator at the time the benefits determination was made. *See e.g., Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1247 (11th Cir. 2008); *Branch v. Life Ins. Co. of N. Am.*, No. 4:09cv12,

2009 WL 3781217, at *3 (M.D. Ga. Nov. 11, 2009). "That the trial court may only review the evidence before the administrator when it denied benefits does not, however, necessarily preclude all discovery. It necessarily only precludes discovery on issues related to the merits of the claim for benefits." *Woodward v. Reliance Standard Life Ins. Co.*, No. 1:02cv64; 2003 WL 1798519, at *1 (N.D. Fla. 2003) (unpublished). The Supreme Court in *Glenn* did not comment directly on discovery matters but instructed generally that when considering a benefits decision, a conflict of interest is "one factor among many that a reviewing judge must take into account," and the effect of the conflict of interest itself will turn on a variety of circumstances. *See Glenn*, 128 S. Ct. at 2351. This court has permitted discovery limited to determining "whether the administrator was infected with its own self-interest," stating:

> The exact nature of information considered by the fiduciary may be relevant if it indicates that the fiduciary ignored pertinent evidence, which suggests that the decision was motivated by self-interest. Additionally, the competency of the claims administrator may be relevant. Evidence that the claims administrators were not qualified to evaluate medical evidence would indicate that the insurance company was not concerned with making its determination objectively. How the fiduciary reached its decision is similar to the inquiry of whether a routine practice or procedure was either followed or disregarded in this particular case. Likewise, a determination of whether it was incumbent upon the fiduciary to seek outside technical assistance in reaching a full and fair review of the claim in this particular case is relevant to the issues of whether a routine process was followed, or whether a good faith effort was made to reach an objective decision.

*Featherston*, 223 F.R.D. at 658; *see also Cerrito v. Liberty Life Assur. Co. of Boston*, 209 F.R.D. 663, 664 (M.D. Fla. 2002) (stating courts have generally permitted discovery relevant to a conflict of interest).[2] In sum, "any discovery beyond the administrative record

---

[2] "Courts have generally permitted discovery, even in instances in which an arbitrary and capricious standard applies in order to assist the court in evaluating (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a fair and full review of the claim; and (5) to determine whether a conflict of interest existed." *Cerrito*, 209 F.R.D. at 664.

Case No. 3:09cv422/MCR/EMT

must be narrowly tailored to address the nature, extent and effect of a conflict of interest upon the administrator's decision." *Branch*, 2009 WL 3781217, at *3 (noting "discovery may be warranted on procedures an administrator uses to prevent or mitigate structural conflicts or to clarify ambiguities and ensure that documented procedures were followed in a particular instance").

Prudential argues that because the plaintiff has not alleged that the record before the plan administrator was incomplete, there are no matters outside the record that need to be resolved. The court agrees that as to the merits of the eligibility determination, discovery to augment the record is inappropriate. The complaint, however, plainly sets forth the presence of a conflict of interest, and although the *Glenn* case did not discuss discovery matters, it clearly indicates that the court must consider and weigh the varying circumstances which bear on the existence and extent of a conflict of interest. Discovery is necessary to reveal those facts. The plaintiff seeks to take depositions for the purpose of exposing the extent of any conflict of interest, establishing whether any unwritten procedures or facts were considered, determining whether a reasonable investigation was performed, and establishing whether the methodology used to review the claim was compatible with the duties of care, skill, prudence and diligence owed in interpreting the plan. These matters are reasonably related to the conflict of interest issue, and accordingly, discovery limited to these issues is, therefore, appropriate.

Accordingly, plaintiff will be permitted to undertake discovery consistent with this order – limited to the issue of the defendant's conflict of interest – for a period of forty-five (45) days. The clerk shall refer the matter back to chambers at the end of the 45-day period.

**DONE AND ORDERED** this 16th day of March, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**